IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZEDRIC COLQUITT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 3:23-cv-430-BN |
| V. | § | |
| | § | |
| CONCORDE CAREER COLLEGE - DALLAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Concorde Career College, Inc. moves the Court – without opposition from Plaintiff Zedric Colquitt – to compel Colquitt to arbitrate his claims against Concorde and dismiss or stay this litigation pending completion of the arbitration. *See* Dkt. No. 21. Concorde contends that it and Colquitt "are parties to a valid, enforceable arbitration agreement requiring that any controversy or dispute related to Plaintiff's status as a student at the college operated by Defendant be resolved by final and binding arbitration." *Id.* at 1.

For the reasons explained below, the Court grants Defendant's Unopposed Motion to Compel Arbitration [Dkt. No. 21] and dismisses this action with prejudice.

## Background

Concorde asserts the following background:

> 2. Plaintiff is a former student of Concorde Career Colleges, Inc. ("the College").
> 3. The College is a nationally accredited private college offering career training in a variety of allied health programs. See Affidavit of Erin Henry in Support of the College's Motion to Compel Arbitration at Exhibit A, ¶7. The College operates campuses in California, Colorado, Florida, Mississippi, Missouri, Oregon, Tennessee, and Texas. *Id.* The

-1-

College is regulated by the United States Department of Education under Title IV of the U. S. Higher Education Act, 20 U.S.C. § 1071, et seq. *Id.* at ¶8. It regularly receives funds in the form of student loans that are regulate by the Department of Education. *Id.*

    4. Plaintiff enrolled in the College's Dental Hygiene program at its Dallas, Texas, campus. *Id.* at ¶9. As part of his enrollment agreement with the College, Plaintiff signed a valid and binding contract to arbitrate with the American Arbitration Association ("AAA) "[a]ny dispute I may bring against the College, or any of its parents, subsidiaries, officers, directors, or employees, no matter how characterized, pleaded or styled." *Id.* at Exhibit A-1 at ¶1.

….

    5. On January 11, 2023, Plaintiff filed the instant lawsuit, asserting a single cause of action for breach of contract arising out of his enrollment at the College. *See* ECF No. 1-3 at ¶10.

    6. The crux of Plaintiff's claims is that the College "breached the Contract by failing to properly input Plaintiff' s grades, engaging in discriminatory conduct against Plaintiff, and Violating Plaintiff's privacy." *Id.* at ¶10.3. Plaintiff seeks actual damages of over $250,000.00, attorney fees, and court costs. *See* ECF No. 1-3 at ¶2 and at Prayer.

….

    7. As a requisite component of his enrollment at the College, Plaintiff signed an Arbitration Agreement and Waiver of Jury Trial that provides as follows:

> Any dispute I may bring against the College, or any of its parents, subsidiaries, officers, directors, or employees, no matter how characterized, pleaded or styled, shall be resolved by binding arbitration conducted in accordance with the Consumer Arbitration Rules ("Consumer Rules") of the American Arbitration Association (the "AAA")…

Exhibit A-1 at ¶1.

    8. As a further requisite component of his enrollment at the College, Plaintiff signed an Enrollment Agreement that contained an arbitration provision:

> claims or lawsuits related to or concerning a borrower defense claim or based on an act or omission of the College that relates to the making of a Direct Loan for enrollment at the College, no matter how characterized, pleaded or styled, shall be resolved by binding arbitration conducted by the American Arbitration Association (the "AAA"), under its Consumer Arbitration Rules ("Consumer Rules"), and decided by a single Arbitrator. The arbitration hearing will be conducted in Dallas County, Texas.

> Exhibit A-2 at ¶2(f). By signing the Enrollment Agreement, Plaintiff acknowledged that he had "received a complete copy of this Agreement," and that he had read, understood and agreed to comply with all of its terms, including the arbitration provision. *Id.* at p. 3.
> 9. Plaintiff's claims against Defendant are therefore covered by the arbitration agreement.
> 10. Under the Federal Arbitration Act ("FAA"), 9 U.S.C. sections 1-4, upon finding an agreement to arbitrate, the Court must compel arbitration of Plaintiff's claims. In addition, pursuant to the FAA, this Court must either dismiss or stay this action when it determines the claims are subject to arbitration.

Dkt. No. 21 at 1-3.

## Legal Standards

In enacting the Federal Arbitration Act ("FAA"), Congress "expressed a strong policy favoring arbitration." *J. S. & H. Const. Co. v. Richmond Cty. Hosp. Auth.*, 473 F.2d 212, 214-15 (5th Cir. 1973). The FAA provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 827 (S.D. Miss. 2001), *aff'd*, 34 F. App'x 964 (5th Cir. 2002). A party may bring a motion to compel arbitration under the FAA, and a court must direct parties to arbitration if it is "satisfied that the making of the agreement for arbitration ... is not in issue." 9 U.S.C. § 4; *see Matos v. AT&T Corp.*, No. 18-cv-2591-M-BK, 2019 WL 5191922, at *2 (N.D. Tex. Sept. 9, 2019) ("[O]nce a court finds an agreement to arbitrate between the parties, the court is restricted to enforcing the agreement."), *rep. & rec. adopted*, 2019 WL 5191487 (N.D. Tex. Oct. 15, 2019).

Courts in the Fifth Circuit employ a two-step inquiry when determining a

motion to compel arbitration under the FAA. *See Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). The first step is to determine whether the parties agreed to arbitrate the dispute at issue. *See Webb v. Investacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam). The second step is to determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 294 (5th Cir. 2005) (quoting *Webb*, 89 F.3d at 258); *accord OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001) (per curiam). "Only if the court finds there is an agreement to arbitrate does it consider the second step of whether any legal constraints render the claims nonarbitrable." *Edwards v. Conn Appliances, Inc.*, No. 3:14-cv-3529-K, 2015 WL 1893107, at *2 (N.D. Tex. Apr. 24, 2015).

In determining whether the parties agreed to arbitrate the dispute at issue, courts must consider "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Safer*, 422 F.3d at 294 (citations omitted); *accord Webb*, 89 F.3d at 258.

In light of the strong federal policy favoring arbitration, "the Supreme Court has held that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Safer*, 422 F.3d at 294 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

## Analysis

Colquitt does not dispute that a valid arbitration agreement exists. And, for

the reasons that Concorde explains, the Court finds that the agreement to arbitrate claims is an enforceable agreement between him and Concorde, as the parties mutually agreed to arbitrate their disputes.

Neither does Colquitt dispute that the arbitration clause covers his claims in this action against Concorde. And, for the reasons that Concorde explains, the Court finds that the arbitration agreement covers Colquitt's claims. And the parties have not raised, and the Court knows of no, legal constraints external to the parties' agreement foreclose the arbitration of those claims.

As to whether to stay or dismiss this action pending arbitration, as another judge in this district has explained, "Section 3 of the Federal Arbitration Act ('FAA'), 9 U.S.C. §§ 1-16, provides for a stay pending arbitration; however, as the Fifth Circuit [has] … explained regarding binding precedent in this Circuit, 'dismissal may be appropriate when all of the issues raised in the district court must be submitted to arbitration." *Greenwood v. Cottonwood Fin., Ltd.*, No. 3:21-cv-2459-L, 2022 WL 3754706, at *3 (N.D. Tex. Aug. 30, 2022) (cleaned up). "The reason for dismissal with prejudice is that retaining jurisdiction of the action by the district court serves no purpose because any remedies after arbitration are limited to judicial review based on the grounds set forth in the FAA." *Id.*

Here, as in that case, "all claims in this action are subject to arbitration," and so the Court "determines that there is no reason for it to retain jurisdiction over the action," *id.*, and that this action should be dismissed with prejudice, *accord Alford*, 975 F.2d at 1164-65.

## Conclusion

For the reasons explained above, the Court GRANTS Defendant's Unopposed Motion to Compel Arbitration [Dkt. No. 21] and ORDERS that Plaintiff Zedric Colquitt must arbitrate to completion his claims against Defendant Concorde Career College, Inc. in accordance with the parties' agreement to arbitrate and that this action is dismissed with prejudice. The Court will separately enter a judgment.

SO ORDERED.

DATED: April 4, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE